NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS JOSEPH GUILLON, | No. 21-15297 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-07926-CRB |
| v. | |
| AMCO INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 9, 2021**
San Francisco, California

Before: MURGUIA, Chief Judge, IKUTA and VANDYKE, Circuit Judges.

Douglas Guillon appeals the district court's order granting AMCO Insurance

Company's (AMCO) Motion to Dismiss. Guillon was Shareholder, Director, and

Chief Executive Officer of Crush Steakhouse and Bar in Ukiah, California until its

closure. In 2015, Guillon purchased a businessowners' liability insurance policy for

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Crush from Appellee AMCO. After learning of a lawsuit filed against Crush by three former employees, Guillon contacted his insurance broker to request coverage for the lawsuit under the policy. AMCO denied his claim and Guillon retained counsel at his own expense. The underlying lawsuit culminated in a trial and a verdict exceeding $430,000. One year after the verdict, Guillon filed this lawsuit, alleging that AMCO breached the businessowners' liability insurance policy.

The district court found that Guillon's insurance policy did not provide coverage for the conduct alleged in the underlying lawsuit. The district court explained, in relevant part, that an employment-related practice exclusion provision (ERP) in the policy excluded coverage for each of the claims and alleged conduct in the underlying lawsuit, because the policy specifically excluded coverage for allegations of "coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution." Having found that Guillon was not entitled to coverage under the policy, the district court dismissed his claims with prejudice and entered a final judgment on January 26, 2021. Guillon appealed. We have jurisdiction under 28 U.S.C. § 1291 and affirm because the ERP excluded coverage for the underlying claims.

The plain language of Crush's AMCO policy does not provide coverage for the claims asserted in the underlying lawsuit because each of the plaintiffs in the underlying lawsuit's (underlying plaintiffs) allegations of discrimination,

2

harassment, and coercion, are excluded by the plain language of the ERP, which specifically bars claims arising out of employment-related "practices, policies, acts or omissions *such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.*"[1] When considering whether an ERP exclusion applies to a particular set of facts under California law, courts analyze two factors: "(1) the nexus between the allegedly defamatory statement (or other tort) at issue and the third-party plaintiff's employment by the insured, and (2) the existence (or nonexistence) of a relationship between the employer and the third party plaintiff *outside* the employment relationship." *Low v. Golden Eagle Ins. Co*., 128 Cal. Rptr. 2d 423, 428–29 (Cal. Ct. App. 2002).

Here, three former employees brought the underlying claims for gender discrimination, disability discrimination, sexual harassment, retaliation, failure to prevent discrimination, failure to accommodate disability, failure to engage in the interactive process, battery, wrongful termination, intentional inflection of emotional distress, failure to pay wages and overtime, failure to give mandatory breaks, failure to pay vested vacation, failure to pay wages upon discharge, failure to provide properly itemized wage statement, inappropriately charging employees for uniforms, unfair business practices, and failure to provide sexual harassment

---

[1] On appeal, Guillon focuses on the underlying battery claim.

training.  All of these claims arose out of employment-related "practices, policies, acts or omissions" because (1) each claim alleged conduct that occurred at—or because of employment with—Crush, which is a sufficiently close nexus, and (2) no underlying plaintiff indicated the existence of a non-employment relationship with Guillon or another defendant.  *See Jon Davler Inc. v. Arch Ins. Co.*, 178 Cal. Rptr. 3d 502, 511 (Cal. Ct. App. 2014).

Plaintiffs' battery claims—the only underlying claims that Guillon now argues "potentially" required AMCO to defend him under the policy—are excluded by the policy's ERP clause along with the other claims.  The underlying plaintiffs' claim was that a Crush manager committed batteries on Crush employees while he was their supervisor.  To the extent the underlying plaintiffs were around the supervisor outside of work, they alleged they were following directives from him.  And they alleged that if they opposed or reported the supervisor's conduct, they faced discipline or termination of their employment.  This nexus between the alleged batteries and plaintiffs' employment is sufficient to classify the underlying battery claim as arising out of an employment-related practice pursuant to *Low*, 128 Cal. Rptr. 2d 423.  *See also Jon Davler*, 178 Cal. Rptr. 3d at 510.[2]

---

[2] Furthermore, any claim of vicarious liability in this context has not been previously recognized.  *See Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 233 Cal. Rptr. 3d 487, 491 (Cal. 2018).  And to the extent Guillon argues that the plaintiffs' allegations stated a claim for negligent hiring, retention, or supervision, such a claim is precluded by the exclusion clause in this case.

Given (1) the plain language of the AMCO employment-related practice exclusion, (2) the close nexus between all of the underlying plaintiffs' claims and their employment, and (3) the lack of a non-employment relationship between the plaintiffs and their supervisors who were the subject of the underlying claims, it is clear that Guillon sought coverage for claims arising out of employment-related "practices, policies, acts or omissions" excluded by the policy.

As Guillon concedes, an insurer has no duty to defend when there is no possibility of coverage under the relevant insurance policy. Because there was no possibility of coverage for any of the claims resulting from the employment-related practices, policies, acts or omissions at issue here, the district court did not err in finding that AMCO had no duty to defend in the underlying action and therefore did not breach its contract with Crush.

**AFFIRMED.**